IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID and BARB BROBERG, | CV 14-26-GF-JTJ |
| Plaintiffs, | |
| vs. | |
| COLUMBIA GRAIN, INC. | ORDER |
| Defendant. | |
| COLUMBIA GRAIN, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| MARK BENJAMIN and TAMARA BENJAMIN, | |
| Third-Party Defendants. | |

**I.   STATUS**

Defendant and Third-Party Plaintiff Columbia Grain, Inc. filed an amended answer and third-party complaint in which it asserts contribution and indemnity claims against Tamara Benjamin ("Tamara"). (Doc. 27) Tamara filed an answer to the third-party complaint. (Doc. 31.)

1

Tamara has filed a Motion for Judgment on the Pleadings and supporting brief in which she argues the third-party complaint should be dismissed as to her because: (1) Columbia Grain has not attempted to shift fault for the liability at issue in the primary complaint to her; (2) there is no basis for indemnity against her; and (3) to the extent Columbia Grain might be entitled to any recovery against Tamara, it must be limited to contribution on Plaintiffs David and Barb Broberg's negligence claim. (Docs. 44-45.) Columbia Grain argues that indemnity and contribution are plead in the alternative, Tamara misconstrues the tort of conversion, under the negligence claim contribution may be allowed, and under the conversion claim indemnity may be allowed as well. The motion is ripe for the Court's decision.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Rule 14(a) provides that "a defending party may, as a third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." The Brobergs' claims against Columbia Grain are for negligence and conversion.

In relation to Columbia Grain's contribution claim, Montana Code Annotated § 27-1-703 provides that "if the negligence of a party to an action is an issue, each party against whom recovery may be allowed is jointly and severally liable for the amount that may be awarded to the claimant but has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of." Columbia Grain's negligence is an issue in this action by virtue of the Brobergs' negligence claim against it. As such, Columbia Grain has a right of contribution against Tamara if it proves she was negligent and her negligence was a cause of damage to the Brobergs. Therefore, Tamara's motion in relation to the contribution claim against her must be denied.

In relation to Columbia Grain's indemnity claim, under Montana law, common law indemnity arises from the equitable principle that one compelled to pay for damages caused by another should be able to seek recovery from the responsible party. *State v. Butte-Silver Bow*, 220 P.3d 1115, ¶ 31 (Mont. 2009) (citing *Poulsen v. Treasure State Industries, Inc.*, 626 P.2d 822, 829 (Mont. 1981)). The basis of Columbia Grain's indemnity claim against Tamara is: (1) Mark

Benjamin sold the Brobergs' grain to Columbia Grain by producing maps and purporting to be growing grain on areas depicted on the maps; and (2) Mark Benjamin transferred the money he received from Columbia Grain into a checking account in his name and then wrote checks from this account to Tamara and/or Tamara also spent money from the stolen grain proceeds. (Doc. 27 at 9.)

Taking these allegations as true and drawing all reasonable inferences in favor of Columbia Grain, the Court cannot say at this juncture that Tamara is entitled to judgment as a matter of law on Columbia Grain's indemnity claim. Tamara's motion on the indemnity claim must therefore be denied as well.

## III. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Tamara's motion for judgment on the pleadings (Doc. 44) is **DENIED**.

DATED this 20th day of January, 2016.

_____
John Johnston
United States Magistrate Judge